IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS L. WALKER,

      Petitioner,      OPINION AND ORDER

v.

                 22-cv-311-wmc

LIZZIE TEGELS,

      Respondent.

---

  Curtis L. Walker, appearing *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a brief in support. Convicted as a juvenile party to the crime of first-degree, intentional homicide using a dangerous weapon in Milwaukee County Case No. 1994CF944079, Walker seeks to challenge his 1996 sentence of life imprisonment with parole eligibility in 2071. Walker has paid the filing fee, and his petition is now before this court for preliminary review under Rule 4 Governing Section 2254 cases.

  In particular, Walker contends that his sentence was rendered unconstitutional by the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding mandatory life sentences for juvenile offenders unconstitutional and later making that holding retroactive in *Montgomery v. Louisiana*, 577 U.S. 190 (2016). Because the petition is untimely, *and* because Walker has not met his burden of showing that this is the rare case allowing for federal habeas relief, the court will dismiss the petition. Given the particularly harsh result for Walker here, however, the court will issue a certificate of appealability.

OPINION

I. **The petition is untimely**

Walker appears to have exhausted his claim, but the petition is untimely. A person filing a habeas corpus petition under § 2254 must meet the time limitations imposed by 28 U.S.C. § 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute. The first of those events in § 2244(d)(1) relevant to Walker's petition is "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Walker states that he appealed his conviction, and the Wisconsin Supreme Court ultimately denied his petition for review in February of 2001. (Dkt. #2 at 4.) Walker's one-year limitations period to file for federal habeas relief began running 90 days later and ended in May of 2002. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed a petition for writ of certiorari with United State Supreme Court). If Walker's one-year limitation period is measured from the end of direct review, his 2022 petition is untimely by some twenty years.

The second of the relevant events in § 2244(d)(1) is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). Walker filed a postconviction motion asserting his *Miller* claim in the state trial court on April 2, 2016, less than three months after

2

*Montgomery* made *Miller* retroactive. He also filed for federal habeas relief on June 1, 2022, less than two months after the Wisconsin Supreme Court denied his petition for review.

However, the United States Supreme Court has held that the statute of limitations begins to run on the date that the Court announces a new right, not the date that the Court makes the right retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Although that rule has "the potential for harsh results in some cases," the Court concluded that the legislative text compels that result. *Id.* at 359. Moreover, while *Dodd* dealt with a § 2255 petitioner, the Seventh Circuit has applied *Dodd* to a petitioner like Walker, whose claim arises from a state-court judgment. *See Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005) (applying *Dodd* rule to "materially identical" language in § 2244(d)(1)(C)). Thus, under § 2244(d)(1)(C), the clock for Walker's deadline started on the date that *Miller* was decided, and since *Miller* was decided on June 25, 2012, the time for Walker to file a federal habeas petition based on that decision ran out on June 25, 2013. *See Walker v. Aldridge*, No. CIV-18-382-HE, 2018 WL 4402977, at *2 (W.D. Okla. May 30, 2018) ("the statute of limitations for a relevant claim that a juvenile's sentence violates the Eighth Amendment began to run when *Miller v. Alabama* was decided on June 25, 2012" (collecting cases)).

Had Walker filed his state postconviction motion within one year of *Miller*, that would have stopped the clock. *See* 28 U.S.C. § 2244(d)(2) (the one-year period is tolled "during which a properly filed application for State post-conviction or other review with respect to the pertinent . . . claim is pending."). Unfortunately, if understandably, Walker did not seek relief in state court until almost four years after *Miller*. *See De Jesus v. Acevedo*,

567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

Accordingly, whether calculated from the date that direct review ended or the date that *Miller* was decided, Walker's petition is untimely. *See Generally v. Lashbrook*, No. 18-cv-1998-NJR, 2019 WL 3322346, at *2-3 (S.D. Ill. July 24, 2019) (a § 2254 petition asserting a *Miller* claim was untimely where the petitioner did not pursue any state or federal relief for nearly two years after *Miller* was decided); *Gray v. Dorethy*, No. 17 C 258, 2017 WL 4263985, at *2-3 (N.D. Ill. Sept. 26, 2017) (a § 2254 habeas petition asserting a *Miller* claim was untimely where the petitioner waited over a year after *Miller* was decided to pursue state and then federal relief).

**II. Walker has not met his burden of showing that he is entitled to habeas relief**

Walker does not argue that he qualifies for an equitable exception to the federal habeas deadline. (*See* dkt. #1 at 6, 9.) Regardless, that effort would be fruitless because on the face of the petition, Walker also cannot meet his burden of showing entitlement to federal habeas corpus relief.

A federal court's habeas review is deferential and limited. In particular, it may only grant relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings, unless that adjudication: (1) resulted in a decision contrary to or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law if the rule the decision applies differs from governing law set forth

4

in Supreme Court cases. A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

Here, this court must apply these narrow standards of review to the most recent decision by the Wisconsin Court of Appeals, *State v. Walker*, No. 2016AP1058, 2022 WL 1574255 (Wis. App. Jan. 25, 2022), as the last state court to adjudicate Walker's claim on the merits. *Williams v. Bartow*, 481 F.3d 492, 497-98 (7th Cir. 2007). In a series of recent decisions beginning with *Miller*, the United States Supreme Court concluded that sentencing schemes violate the Eighth Amendment when they "pose[ ] too great a risk of disproportionate punishment" for juvenile offenders. 567 U.S. at 479; *see also Graham v. Florida*, 560 U.S. 48, 82 (2010) (finding the Constitution prohibits life without parole for juvenile non-homicide offenders); *Roper v. Simmons*, 543 U.S. 551, 568 (2005) (holding the death penalty is a disproportionate punishment for juvenile offenders). In applying this principle in *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. Such a scheme "poses too great a risk of disproportionate punishment" because it fails to consider youth during an individualized sentencing procedure. *Id.* The Supreme Court expressly declined to bar life without parole sentences categorically for juveniles convicted of homicide, but it required the sentencing judge "to take into account how children are different, and how those differences counsel against

5

irrevocably sentencing them to a lifetime in prison." *Id.* at 480. Then, in *Montgomery*, the Supreme Court determined that *Miller* announced a substantive rule that applied retroactively on collateral review. 577 U.S. at 208. Although arguably dicta, the Court also appeared to extend *Miller*'s holding in stating that life without parole was a disproportionate punishment "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Id.* at 209.

However, in *Jones v. Mississippi*, 141 S. Ct. 1307, 1317 (2021), the Supreme Court clarified that neither *Miller* nor *Montgomery require* a sentencing judge to make a factual finding of permanent incorrigibility before imposing a life sentence without parole for a juvenile homicide offender, provided the court considered the defendant's youth and had discretion to impose a lesser punishment. In particular, the Court declined to require sentencing courts "to make extra factual findings before sentencing an offender under 18 to life without parole" or "to formally explain on the record why a life-without-parole sentence is appropriate notwithstanding the defendant's youth." *Id.* at 1323. The *Jones* Court further ruled out any suggestion that *Montgomery* went further than to decide that *Miller*'s holding had retroactive application. *Id.* at 1316 ("*Montgomery* did not purport to add to *Miller*'s requirements.").

Unfortunately for Walker, the Wisconsin Court of Appeals considered this precedent and found that his sentence did not violate the Eighth Amendment. First, the Court of Appeals noted that the sentencing court had the discretion to impose a de facto life-without-parole sentence and assumed, without deciding, that Walker's sentence was a de facto life-without-parole sentence, thus implicating the rights recognized in *Miller* and

6

*Montgomery*. *State v. Walker*, 2022 WL 1574255, at *2. Second, the Court of Appeals explained that the sentencing court had acknowledged Walker's sentencing arguments focused on his youth and his rough childhood, as well as his prospects for rehabilitation. *Id.* Third, and accordingly, the Court of Appeals found that Walker's sentence was not contrary to Supreme Court law because the trial judge properly considered Walker's age and its attendant circumstances before imposing sentence. *Id.*

Nevertheless, Walker contends that this decision is contrary to federal law. Although he was not sentenced to life without the possibility of parole, Walker argues his sentence is a de facto life-without-parole sentence that implicates *Miller* because he will not be eligible for parole during his expected lifetime. The Wisconsin Circuit Court judge sentenced Walker at 17 years of age to a term of life imprisonment with a parole eligibility date in 2071. *See* Wis. Stat. § 973.014 (1993-94) (requiring a parole eligibility date determined under Wis. Stat. § 304.06(1) or on a date set by the court). Even if a finding of permanent incorrigibility is unnecessary under *Jones*, Walker further maintains that only those juveniles who are irreparably corrupt may be sentenced to life in prison without parole, and he does not fall into this category because the sentencing judge found him to be capable of reform.

However, the fact that the sentencing judge found Walker to be *capable* of reform does not establish that the Wisconsin Court of Appeals' decision was contrary to or an unreasonable application of established federal law after *Jones*. Like the Wisconsin Court of Appeals, this court assumes Walker's sentence implicates the Eighth Amendment concern with disproportionate punishment for juvenile homicide offenders. *See McKinley*

7

*v. Butler,* 809 F.3d 908, 911 (7th Cir. 2016) (finding *Miller* applied to a juvenile homicide offender who was sentenced to a *de facto* life sentence consisting of two consecutive, fifty-year prison terms).

While Walker correctly points out that *Jones* did not overrule *Miller* or *Montgomery,* the Supreme Court's decision in *Jones* read those cases more narrowly than the interpretation Walker proposes. *See Jones,* 141 S. Ct. at 1314 ("[*Miller*] allowed life-without-parole sentences for defendants who committed *homicide* when they were under 18, but only so long as the sentence is not mandatory . . . *Montgomery* held that *Miller* applied retroactively to cases on collateral review."). In particular, *Jones* clarified that the Eighth Amendment does not require an explicit or implicit finding of permanent incorrigibility. *Id.* at 1319 ("[A]n on-the-record sentencing explanation with an implicit finding of permanent incorrigibility (i) is not necessary to ensure that a sentencer considers a defendant's youth, [and] (ii) is not required by or consistent with *Miller*."). Thus, the *Jones* Court held that permanent incorrigibility is not an eligibility criterion that must be found before imposing a life without parole sentence for a juvenile homicide offender, notwithstanding any contrary language in *Miller* or *Montgomery*, and the Wisconsin Court of Appeals did not unreasonably apply established federal law in determining that Walker's sentencing was constitutionally sufficient. As the *Jones* Court explained, "*Miller* . . . mandated 'only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing' a life-without-parole sentence." *Id.* at 1316 (citation omitted). Here, the sentencing judge had the discretion to impose a lesser sentence, considered Walker's youth as a mitigating factor, and was not

required to make an implicit or explicit finding of permanent incorrigibility before imposing the sentence it did.

### III. Certificate of appealability

Because Walker's petition is untimely, and he has not met his heavy burden of showing that this is the rare case allowing for federal habeas relief, the court must dismiss this case. However, the court must still decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

The court will issue Walker a certificate of appealability. Given the imposition of a de-facto life sentence on a juvenile and the outside possibility that the Seventh Circuit could reconsider whether *Dodd*'s rationale applies to state prisoners like Walker who by its application suffer a particularly harsh result, and the opportunity to preserve a challenge *Dodd* itself, the court concludes that Walker's sentencing issue deserves encouragement to proceed further.

ORDER

IT IS ORDERED that:

1) Petitioner Curtis L. Walker's petition for a writ of habeas corpus (dkt. #1) is DENIED, and this case is DISMISSED.

2) Petitioner is GRANTED a certificate of appealability.

3) The clerk of court is directed to enter judgment for respondent and to close this case.

Entered this 13th day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge